The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or the amend the opinion and Award except for the modification to or addition of Findings of Fact Numbers (7) through (13), Conclusion of Law (1) and Award Paragraph (1) concerning plaintiff's permanent partial disability related to the 2 February 1990 compensable injury by accident.
* * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing, in an Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on 26 March 1990, in an Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on 13 March 1991, in a Pre-Trial Agreement, dated 9 February 1994, and in a Supplemental Pre-Trial Agreement, dated 14 February 1994, as:
STIPULATIONS
1. Parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times on and after 2 February 1990.
3. Defendant is self-insured, with Constitution State Service Company as the adjusting agency.
4. An Industrial Commission Form 21, Agreement for Compensation for Disability, was entered into by the parties and approved by the Industrial Commission on 26 March 1990 for the 2 February 1990 injury.
5. Plaintiff's last date of employment with the defendant was 28 March 1992.
6. Plaintiff received company-provided short-term disability benefits at the rate $170.00 per week for a period of six months after his last date of work on 28 March 1992.
7. The following documents are stipulated into evidence:
 a. Exhibit 1-Sixteen pages of medical records from Dr. Ralph E. Carter, Scotland Orthopedics, P.A., dated 6 February 1990 to 6 January 1993.
 b. Exhibit 2-Two pages of medical records from Dr. W.S. Bill Edwards, Jr., Pee Dee Orthopedic Associates, P.A., dated 2 June 1992 to 12 August 1992.
 c. Exhibit 3-Three pages of medical records from Scotland Memorial Hospital from Dr. James Sullivan and Dr. Charles Christian, II, dated 2 April 1992 to 30 April 1992.
 d. Exhibit 4-Physical therapy medical records from Scotland Memorial Hospital.
 e. Exhibit 5-Employment, payroll, medical records, accident and sickness disability benefits from West Point Pepperell.
8. Industrial Commission Form 28B, Report of Compensation and Medical Paid, dated 16 August 1990, is stipulated into evidence.
9. Industrial Commission Form 28B, Report of Compensation and Medical Paid, dated 28 August 1991, is stipulated into evidence.
* * * * * * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the deposition of Ralph E. Carter, III, M.D., are OVERRULED.
* * * * * * * * * * * * * * *
The Full Commission makes the following findings of fact:
FINDINGS OF FACT
1. Plaintiff was born 9 September 1937. As of February 1990, plaintiff had been employed by defendant-employer for approximately twenty-two years.
2. Plaintiff went to either the sixth or the eighth grade, and had no formal training beyond that level.
3. Plaintiff is functionally illiterate. Plaintiff is only able to read at the third percentile in reading.
4. Plaintiff has an I.Q. of 66, which places him at the level of mild mental retardation.
5. On 2 February 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, when he was struck and knocked to the floor by heavy rolls of cloth which had fallen on him from a lift truck driven by a co-employee.
6. As a result of his compensable injury on 2 February 1990, plaintiff sustained an injury to his right knee and a lumbar sprain. Plaintiff's compensable injury on 2 February 1990 did not cause plaintiff to sustain degenerative disc disease and spinal stenosis.
7. As a result of plaintiff's compensable injury on 2 February 1990, plaintiff had no neurological deficits although he continued to complain of ongoing pain. Plaintiff, still experiencing pain, was released by Dr. Carter to return to work in July of 1990, with a (20) pound lifting restriction. Plaintiff returned to employment with defendant-employer on or about 17 July 1990.
8. Due in large part to the fact that plaintiff continued to experience pain as the result of his 2 February 1990 injury by accident, as late as 2 October 1990 Dr. Carter was of the opinion that plaintiff had not reached maximum medical improvement. By this time Dr. Carter had diagnosed plaintiff's condition resulting from the 2 February 1990 compensable injury as a chronic lumbar strain. Despite these ongoing problems, when plaintiff returned to work with defendant-employer plaintiff returned to his regular duties as a forklift driver.
9. Subsequently, on or about 30 March 1992, while arising from his bed, plaintiff sustained a sudden, severe attack of pain in his back which radiated into his legs. As a result, plaintiff was unable to return to work with defendant-employer.
10. Plaintiff's incident and resulting pain on or about 30 March 1992 was caused by plaintiff's degenerative disc disease and spinal stenosis, which was unrelated to plaintiff's compensable injury on 2 February 1990.
11. As a result of his incident on or about 30 March 1992, plaintiff was seen and evaluated by Dr. Ralph E. Carter, III, Dr. W.S. Edwards and Dr. Charles Christian.
12. On 10 March 1993 Dr. Carter, plaintiff's primary treating physician, examined plaintiff. At that time, due to the chronic lumbar strain plaintiff continued to experience pain in his lumbar region. Dr. Carter was of the opinion that on that date plaintiff's condition had finally plateaued and that his condition had reached a level of stability. Although plaintiff would experience periods of increased and decreased symptoms due to the level and type of his activity period Dr. Carter found that plaintiff had finally reached maximum medical improvement. Dr. Carter rated plaintiff as suffering an eight (8) percent permanent partial impairment of the back and related plaintiff's impairment to the work related injury on 2 February 1990.
13. On 2 February 1990 plaintiff's average weekly wage was $340.32 yielding a compensation rate of $226.89.
* * * * * * * * * * * * * * *
Based on the forgoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about 30 March 1992, any injury sustained by plaintiff to his back did not arise out of or in the course of his employment with defendant-employer, nor was it the result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2 (6).
2. As a result of plaintiff's compensable injury on 2 February 1990, plaintiff has not undergone a change of condition. N.C. Gen. Stat. § 97-47.
3. As the result of plaintiff's compensable injury on 2 February 1990, plaintiff is entitled to permanent partial disability compensation for the eight (8) percent impairment of his back, subject to the attorney's fee hereinafter approved. N.C. Gen. Stat. § 97-31 (23).
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff permanent partial disability compensation at the rate of $226.89 for twenty-four (24) weeks as the result of his eight (8) percent permanent partial impairment of the back. This amount is subject to the attorneys' fee hereinafter approved.
2. A reasonable attorney's fee of twenty-five (25) percent of the compensation awarded herein above is hereby approved for plaintiff's counsel. This amount shall be deducted from that amount owed to plaintiff and paid directly to plaintiff's counsel.
3. Defendant shall pay the costs due the Commission.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ J. RANDOLPH WARD COMMISSIONER